UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| LUCIA COSENZA, ADMINISTRATOR OF THE ESTATE OF CARMIN G. YANNUZZI, on behalf of herself and all others similarly situated,<br><br>Plaintiff(s),<br><br>-against-<br><br>DCM SERVICES, LLC, and JOHN DOES 1-25,<br><br>Defendant(s). | Civil Case Number: _____<br><br>**CIVIL ACTION**<br><br>**CLASS ACTION COMPLAINT<br>AND<br>DEMAND FOR JURY TRIAL** |

Plaintiff, LUCIA COSENZA, ADMINISTRATOR OF THE ESTATE OF CARMIN G. YANNUZZI, on behalf of herself and all others similarly situated (hereinafter "Plaintiff") by and through her undersigned attorneys, allege against the above-named Defendants, DCM SERVICES, LLC. ("DCM"), and JOHN DOES 1-25 (collectively "Defendants") the following:

**PRELIMINARY STATEMENT**

1.     Plaintiff brings this action for damages and declaratory and injunctive relief arising from the Defendant's violation of 15 U.S.C. §1692 *et seq.*, the Fair Debt Collection Practices Act (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

**JURISDICTION AND VENUE**

2.     This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331.  This is an action for violations of 15 U.S.C. §1692 *et seq*.

3.     Venue is proper in this district under 28 U.S.C. §1391(b)(2) because the acts and transactions that give rise to this action occurred, in substantial part, in this district.

## DEFINITIONS

4.     As used in reference to the FDCPA, the terms "creditor," "consumer," "debt," and "debt collector" are defined in §803 of the FDCPA and 15 U.S.C. §1692(a).

## PARTIES

5.     The FDCPA, 15 U.S.C. §1692 *et seq.*, which prohibits certain debt collection practices provides for the initiation of court proceedings to enjoin violations of the FDCPA and to secure such equitable relief as may be appropriate in each case.

6.     Plaintiff is a natural person and a resident of the State of New Jersey, County of Essex and is a "Consumer" as defined by 15 U.S.C. §1692(a)(3).

7.     Defendant, DCM is a foreign business with its principal executive office located at 7601 Penn Ave S, Suite A600, Minneapolis, Minnesota 55423.

8.     Upon information and belief, Defendant, DCM is a business that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

9.     Defendant, DCM is a "Debt Collector" as that term is defined by 15 U.S.C. §1692(a)(6).

10.     John Does 1-25, are fictitious names of individuals and businesses alleged for the purpose of substituting names of Defendants whose identities will be disclosed in discovery and should be made parties to this action.

## CLASS ACTION ALLEGATIONS

11.     Plaintiff brings this action as a state wide class action, pursuant to Rule 23 of the Federal Rules of Civil Procedure (hereinafter "FRCP"), on behalf of himself and all New Jersey consumers and their successors in interest (the "Class"), who have received debt collection

letters and/or notices from the Defendants which are in violation of the FDCPA, as described in this Complaint.

12. This Action is properly maintained as a class action. The Class consists of:

- All New Jersey consumers who were sent collection letters and/or notices from DCM attempting to collect an obligation on behalf of another, that used a symbol and/or barcode on or visible through the window of the envelope that when read reveals the addressee's account number.

- The Class period begins one year to the filing of this Action.

13. The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

- Upon information and belief, the Class is so numerous that joinder of all members is impracticable because there are hundreds and/or thousands of persons who have received debt collection letters and/or notices from the Defendants that violate specific provisions of the FDCPA. Plaintiff is complaining of a standard form letter and/or notice that is sent to hundreds of persons (*See* **Exhibit A,** except that the undersigned attorney has, in accordance with Fed. R. Civ. P. 5.2 partially redacted the financial account numbers in an effort to protect Plaintiff's privacy);

- There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation:

    a. Whether the defendants violated various provisions of the FDCPA including but not limited to:

       15 U.S.C. §§1692f and 1693f(8).

    b.    Whether Plaintiff and the Class have been injured by the Defendants' conduct;

    c.    Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendants' wrongdoing and if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

    d.    Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

- Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories.

- Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class.

- Plaintiff will fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class.

- A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of this class action.

- A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender. Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal

redress for the wrongs complained of herein. Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as monetary damages. If Defendants' conduct is allowed to proceed without remedy, they will continue to reap and retain the proceeds of their ill-gotten gains.

- Defendants have acted on grounds generally applicable to the entire Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## STATEMENT OF FACTS

14. Plaintiff is at all times to this lawsuit, a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

15. On or before September 28, 2014, Carmin Yannuzzi allegedly incurred a financial obligation to VERIZON ("VERIZON ").

16. The VERIZON obligation arose out of a transaction, in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes.

17. The VERIZON obligation is a "debt" as defined by 15 U.S.C.§ 1692a(5).

18. VERIZON is a "creditor" as defined by 15 U.S.C.§ 1692a(4).

19. On September 28, 2014 Carmin Yannuzzi died.

20. On March 26, 2015 the Honorable Walter Koprowski Jr., Judge of the Superior Court of New Jersey, appointed Lucia Cosenza, Administrator of the of the Estate of Carmin Yannuzzi.

21. At some time prior to May 13, 2015, the VERIZON obligation was forwarded to DCM for the purpose of collection.

22. At the time the VERIZON obligation was placed with DCM, the balance was past due.

23. On or about May 13, 2015, DCM caused to be delivered to Plaintiff a letter addressed to Plaintiff. **Exhibit A.**

24. The May 13, 2015 letter was sent to Plaintiff in connection with the collection of the VERIZON obligation.

25. The May 13, 2015 letter is a "communication" as defined by 15 U.S.C. §1692a(2).

26. The May 13, 2015 letter was mailed in a window.

27. The envelope provide a window in the top left corner which displayed the follow:

> DCM SERVICES,LLC
> 7601 PENN AVE S, SUITE A600
> MINNEAPOLIS, MN 55423-5004
>
> ADDRESS SERVICE REQUESTED
> [IIIIIIIIIIIIIIII BAR CODE IIIIIIIIIIIIIIIII]

28. The envelope provide a window in the bottom left corner, which displayed Plaintiff's name and address.

29. Upon receipt, Plaintiff read the May 13, 2015 letter.

30. Plaintiff's account number/reference number with DCM is XXX3351.

31. Upon reading the barcode in the top left corner of the window envelope with a simple device such as an iPhone, Plaintiff's account number /reference number is revealed as XXX3351.

32. The account number/reference number constitutes personal identifying information.

33. The account number /reference number is a piece of information that can identify the Plaintiff.

34. The account number is not meaningless - it is a piece of information capable of identifying [the consumer] as a debtor.  And its disclosure has the potential to cause harm to a consumer that the FDCPA was enacted to address.  <u>Douglass v. Convergent Outsourcing</u>, 765 F. 3d 299 (Third Cir. 2014).

## POLICIES AND PRACTICES COMPLAINED OF

35. It is DCM's policy and practice to send initial written collection communications, in the form annexed hereto as **Exhibit A**, which violate the FDCPA, by *inter alia*:

    (a)    Using unfair or unconscionable means to collect or attempt to collect any debt; and

    (b)    Using language and/or symbols on envelopes mailed to consumers that reveal information other than the debt collector's address.

36. On information and belief, DCM sent a written communication, in the form annexed hereto as **Exhibit A** to at least 50 natural persons in the State of New Jersey.

## COUNT I

### FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §1692
### VIOLATION OF 15 U.S.C. §1692f

37. Plaintiff repeats the allegations contained in paragraphs 1 through 36 as if the same were set forth at length.

38. Section 1692f *et seq.* of the FDCPA prohibits a debt collector from using unfair or unconscionable means to collect or attempt to collect any debt.

39. DCM violated 15 U.S.C. §1692f by:

    a.    using unfair and unconscionable collection practices in connection with the collection of a debt;

      b.    using language and symbol on envelopes mailed to consumers that reveal information other than the debt collector's address, in violation of 15 U.S.C. §1692f(8).

40. By reason thereof, DCM is liable to Plaintiff for a declaratory judgment that Defendant's conduct violated Sections 1692f of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

**WHEREFORE,** Plaintiff demands judgment against Defendants as follows:

(a) Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative and the attorneys, Joseph K. Jones, Esq., and Glen Chulsky, Esq., as Class Counsel;

(b) Awarding Plaintiff and the Class statutory damages;

(c) Awarding Plaintiff and the Class actual damages;

(d) Awarding pre-judgment interest;

(e) Awarding post-judgment interest.

(f) Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses; and

(g) Awarding Plaintiff and the Class such other and further relief as the Court may deem just and proper.

Dated: Fairfield, New Jersey
       August 11, 2015

                          *s/ Joseph K. Jones*
                          Joseph K. Jones, Esq.
                          Law Offices of Joseph K. Jones, LLC
                          375 Passaic Avenue, Suite 100
                          Fairfield, New Jersey 07004
                          (973) 227-5900 telephone
                          (973) 244-0019 facsimile
                          jkj@legaljones.com

*s/ Glen Chulsky*
Glen Chulsky, Esq.
Law Offices of Joseph K. Jones, LLC
375 Passaic Avenue, Suite 100
Fairfield, New Jersey 07004
(973) 227-5900 telephone
(973) 244-0019 facsimile
gchulsky@legaljones.com

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

*s/ Joseph K. Jones*
Joseph K. Jones, Esq.

## CERTIFICATION PURSUANT TO LOCAL RULE 11.2

I, Joseph K. Jones, the undersigned attorney of record for Plaintiff, do hereby certify to my own knowledge and based upon information available to me at my office, the matter in controversy is not the subject of any other action now pending in any court or in any arbitration or administrative proceeding.

Dated: August 11, 2015

*s/ Joseph K. Jones*
Joseph K. Jones, Esq.

# Exhibit

# A



**7601 PENN AVE S, SUITE A600**
**MINNEAPOLIS, MINNESOTA 55423-5004**

May 13, 2015

Re: the Estate of
CARMIN YANNUZZI

Our Client:
Verizon

Account #:
*********0001

Reference #:
███3351

Unpaid Balance:
$381.23

Dear Sir or Madam:

On behalf of our client Verizon, we offer condolences for the loss of CARMIN YANNUZZI, who was a valued customer.

We are contacting you only in your capacity as Personal Representative or attorney for the Estate of CARMIN YANNUZZI. We are attempting to collect a balance due from the assets of the Estate and any information obtained will be used for that purpose. Please understand that it is DCM Services'/Verizon's policy to inform you that only the Estate is responsible for any outstanding balance on this account. Please accept this letter as a Notice of Claim on behalf of our client.

**Please contact us.** On behalf of the Estate, you may:
1. Complete the payment slip below and mail it and a check **made payable to** Verizon in the envelope provided. DO NOT SEND CASH.
2. Call us toll-free at 1-877-210-9144. We have a number of payment options available.
3. Call us with a probate case number and/or trust information, if applicable.
   Calls may be monitored or recorded for quality assurance purposes.

You have the right to dispute the validity of this debt or any portion of it. We will assume this debt to be valid unless you do so within 30 days after receipt of this letter. If you do so in writing within that time frame, we will obtain verification and mail it to you. If you send a written request within the same time frame, we will provide you with the name and address of the original creditor, if different from the current creditor.

We invite you to check out www.MyWayForward.com. This non-collection-related web site offers great information for those handling the final affairs of a person who has died. Topics range from requirements to well-being and remembering the deceased.

If you are not the one handling decisions about the outstanding bills of the Estate, fill in the form at the bottom of the reverse side of this letter and return it to us in the envelope provided.

7 am - 7 pm CT M-TH
7 am - 5 pm CT F

Telephone: 612-243-8620
Toll-Free: 877-210-9144
Fax: 877-326-8784

Respectfully,
*DCM Services, LLC*

**NOTICE: SEE REVERSE SIDE FOR IMPORTANT INFORMATION**   -Side 1 of 2-

---

***Detach Lower Portion and Return with Payment***

DCM SERVICES, LLC
7601 PENN AVE S, SUITE A600
MINNEAPOLIS, MN 55423-5004
ADDRESS SERVICE REQUESTED

Reference #: ███3351   Client ID: ███
Unpaid Balance: $381.23
Checks Payable to: Verizon

Amount Enclosed: $ _____

May 13, 2015

The Estate of CARMIN YANNUZZI
Attn: LUCIA COSENZA

DCM Services - Payment Processing
PO Box 9317
Minneapolis MN 55440-9317